UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANCINE JOEL,

    *Plaintiff*,

v.

HOWARD UNIVERSITY,

    *Defendant*.

Civil Action No. 24-1655 (LLA)

**MEMORANDUM OPINION**

    Francine Joel sued Howard University in the Superior Court of the District of Columbia raising several claims under federal and District of Columbia law. ECF No. 1-1, at 9-17. After Howard University removed the case to this court and moved to dismiss, ECF Nos. 1, 7, Ms. Joel sought leave to amend her complaint to abandon her federal claims and moved to remand the case to Superior Court. ECF Nos. 7-8. For the reasons explained below, the court will grant Ms. Joel's motion for leave to amend, deny Howard University's motion to dismiss as moot, and grant Ms. Joel's motion to remand.

        **I.**    **BACKGROUND**

    Ms. Joel began working as a Clinical Nurse II at Howard University Hospital in 2008. ECF No. 1-1 ¶¶ 1-2. In August 2022, she had knee surgery and took unpaid leave from her position for three months. *Id.* ¶ 4-5. Shortly before Ms. Joel returned in November 2022, she presented Howard University with a letter from her medical provider requesting accommodations that she "not stand for more than 30 minutes, kneel, lift, or carry more than 35 pounds, push heavy equipment greater than 50 pounds, run or jump." *Id.* ¶ 8. Howard University responded: "[b]ased

on this documentation, your department is unable to accommodate your listed restrictions and we are unable to continue to hold your position." *Id.* ¶ 15 (alteration in original).

In April 2024, Ms. Joel filed suit in Superior Court, alleging breach of contract and disability discrimination under the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102 *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 701 *et seq. Id.* ¶¶ 26-48.  Howard University removed the case to this court in light of the claims arising under federal law, ECF No. 1, at 3-7, and it moved to dismiss for failure to state a claim upon which relief can be granted, ECF No. 7.[1]  In response, Ms. Joel sought leave to amend her complaint under Federal Rule of Civil Procedure 15(a)(2) in order to omit her claims under the ADA and the Rehabilitation Act, add a claim for promissory estoppel, and add Adventist Healthcare as a second defendant.  ECF Nos. 8, 8-1.  She also moved to remand the case to Superior Court in the event she was granted leave to amend.  ECF No. 9.  Howard University opposes both the motion for leave to amend and the motion to remand to Superior Court.  ECF Nos. 10, 11.  The matters are fully briefed.

## II.    LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a plaintiff may amend her complaint "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The court should freely grant such leave "when justice so requires."  *Id.*  "[T]he grant or denial of leave to amend is committed to a district court's discretion."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  However, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure

---

[1] Upon removal, the court assumed supplemental jurisdiction over the state-law claims in Ms. Joel's complaint.  28 U.S.C. § 1367(a).

2

deficiencies by [previous] amendments . . . [or] futility of amendment.'" *Id.* (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Consideration of whether delay is undue . . . should generally take into account the actions of other parties and the possibility of any resulting prejudice." *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996). "If the district court denies leave [to amend], it must state its reasons." *Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 38 (D.C. Cir. 2014).

"When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If . . . the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. ___, No. 23-677, 2025 WL 96212, at *5 (2025). In that situation, the court must remand the case to state court. *Id.* at 11.

### III.   DISCUSSION

#### A.   Motion to Amend

Ms. Joel seeks to amend her complaint to omit her federal claims, add an additional state-law claim, and add a new defendant. ECF No. 8-1.[2] Howard University opposes amendment on the ground that it would be futile because none of her claims could survive a motion to dismiss. ECF No. 10, at 7-23. This may well be true as it relates to the claims against Howard University, but Ms. Joel has also sought to add Adventist Healthcare as a defendant. While Howard University argues that the claims against Adventist Healthcare would not survive a motion to dismiss either, *id.* at 19-23, Howard University admits that it does not represent Adventist Healthcare, *id.*

---

[2] Ms. Joel contends that "aside from an additional party, the [amended] complaint is substantively the same" as the original complaint, ECF No. 8, at 2, but that is plainly not the case. The court expects candor and integrity from the attorneys that come before it, and Ms. Joel's counsel, Robert Baldwin III, has fallen short.

3

at 19 n.8. It thus lacks standing to challenge the addition of Adventist Healthcare as a defendant on futility grounds. *See Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 379-83 (D.N.J. 2023). And because "[a] motion to amend is futile only if 'the proposed *pleading* would not survive a motion to dismiss,'" as opposed to certain claims or claims against certain defendants, the court cannot deny leave to amend as futile. *Jackson v. Teamsters Loc. Union 922*, 991 F. Supp. 2d 64, 67 (D.D.C. 2013) (quoting *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004), *overruled on other grounds by Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178 (D.C. Cir. 2006)). The court will therefore grant Ms. Joel's motion to amend and the parties can raise arguments for dismissal in subsequent motions practice.[3]

### B.   Motion to Remand

As the Supreme Court recently explained, after amendment, "[t]he amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy [federal] jurisdiction." *Royal Canin U.S.A., Inc.*, 2025 WL 96212, at *7. Here, Ms. Joel has abandoned her claims arising under federal law, which were the basis for Howard University's removal to this court. "Her deletion of all federal claims deprived [this court] of federal-question jurisdiction. And once that was gone, the court's supplemental jurisdiction over the state claims dissolved too." *Id.* at *11. Accordingly, the court must remand this case to the Superior Court.

### IV.   CONCLUSION

For the foregoing reasons, the court will grant Ms. Joel's motion for leave to amend, ECF No. 8, deny Howard University's motion to dismiss, ECF No. 7, as moot, grant Ms. Joel's motion

---

[3] Granting Ms. Joel leave to amend renders Howard University's motion to dismiss the original complaint moot. *Baltierra v. W. Va. Bd. of Med.*, 253 F. Supp. 2d 9, 14 (D.D.C. 2003).

to remand, ECF No. 9, and remand this case to the Superior Court of the District of Columbia.  A contemporaneous order will issue.

*[signature]*

_____
LOREN L. ALIKHAN
United States District Judge

Date:  January 31, 2025